## Harry Richman, Defendant in Error, v. Abraham Levine, Plaintiff in Error.

### Gen. No. 14,765.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909. Rehearing denied December 16, 1909.

GROSSBERG, SHAEFFER & KOMPEL, for plaintiff in error.

SAMUEL J. RICHMAN, for defendant in error; BENJAMIN J. SAMUELS, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in which the plaintiff, defendant in error here, seeks to recover commissions alleged to be due him as a real estate broker for effecting the sale of certain real estate for the defendant. The plaintiff's testimony tends to show that in July, 1907, he met the defendant, who told him that his building upon the premises in controversy was completed; that the defendant said he wanted $15,000 for the property, and was told by plaintiff that the latter would get a buyer as soon as he could and the commission would be two and a half per cent. Some days after

one Lazerovitz of the firm of Lazerovitz and Jacobson made an appointment with the plaintiff and expressed a wish to buy the property. The plaintiff took him through and showed him the building and made an appointment with him and Jacobson to meet the defendant. Accordingly plaintiff in company with Lazerovitz and Jacobson met the defendant, whom they found waiting at the building. The proposed purchasers said they would give $14,000 for the property and it was finally agreed between them and the defendant that the price should be $14,500. The parties separated with that understanding. When however plaintiff met the defendant some days afterwards and told him that Lazerovitz and Jacobson had made an appointment to sign the contract, the defendant replied that he did not want to sell. Two days later the plaintiff met the defendant and asked the latter what he was going to do, to which he testifies the defendant replied, "I am sorry for you Mr. Richman. I know you worked very hard on the deal, but I do not want to sell any more. I am going to get a second mortgage and I would not sell." A few days later plaintiff discovered that the property had been conveyed to one Harry H. Marks and by him conveyed to Lazerovitz and Jacobson for $14,500.

Marks testified that he was in the employ of Maun & Goodman, real estate agents, that he bought the property for himself and paid $14,500 for it, less a commission of $300, of which he retained $100 and the rest was paid to Maun & Goodman. It is now claimed in behalf of the defendant that the purchasers were customers of Maun & Goodman, and that the latter were the first brokers to submit the property to the parties who finally bought it.

The issues were submitted to a jury, which returned a verdict in favor of the plaintiff for the full amount of commissions claimed. It is unnecessary to discuss the evidence at length. The fact that the property was promptly conveyed as it was through the

medium of the witness Marks to the same purchasers, who, as there is evidence tending to show, were actively interested in the purchase by the plaintiff, certainly justified the jury in believing that the transaction with Marks was a subterfuge. There is conflict in the testimony as to whether the plaintiff or Maun & Goodman first introduced the purchasers to the defendant. The defendant apparently contradicts himself as to this, and it is the province of the jury to settle disputed questions of fact. It is not apparently denied however that the plaintiff actively interested the subsequent purchasers in the property and brought about the negotiations in the course of which the price was agreed upon and arrangements made for a meeting to sign the contract. The defendant then suddenly concluded that he did not want to sell, but proceeded nevertheless to make a sale, conveying the property to Marks, by whom it is forthwith conveyed for the price before agreed upon to the same parties who at the instance of the plaintiff had been actively interested in its purchase. The defendant's contention is that when the defendant changed his mind and concluded not to sell, the transaction in which plaintiff was interested was then at an end, that the defendant was then at liberty to change his mind again and make a new sale, and that this is what he did. Whether the alleged change of mind was in good faith or not, whether the final sale was the result of the plaintiff's efforts, and whether the sale to Marks was a subterfuge, were questions of fact which the jury have decided adversely to defendant's contention upon evidence which we think justified their conclusion.

Finding no material error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*